OPINION OF THE COURT
Roger J. Miner, J.
Plaintiff moves for "partial summary judgment as to the cause of action for divorce alleged in his Complaint pursuant to Domestic Relations Law Section 170 (6) and for a severance and referral of all other claims to the appropriate Family Court upon the grounds that there are no triable issues of fact and no defenses to the cause of action for divorce”. Defendant cross-moves for permanent alimony and counsel fees or, in the alternative, for temporary alimony and counsel fees and a hearing on the issue of a permanent award.
On March 11, 1972, the parties executed a separation agree *144 ment. The agreement provided that defendant have custody of the two children of the marriage and that plaintiff make certain payments for their support. The children now are emancipated. Provisions were made for the division of certain real and personal property owned by the parties, but no provision was made for the support of the defendant. It is uncontroverted that the parties have lived separate and apart since the date of execution of the agreement, that the agreement was filed in the office of the Rensselaer County Clerk and that the plaintiff has performed all the terms and conditions of the agreement.
In seeking alimony defendant points out that the parties were married for approximately 20 years when the separation agreement was signed; that she never acquired any skills which would enable her to attain significant earnings; that plaintiff has been, and still is, employed by the New York Telephone Company at a salary presently estimated at $35,-000 per year plus fringe benefits; and that plaintiff is the owner of substantial enumerated assets. Defendant alleges that, following the separation, she held a job as a salesperson and worked part time as a cashier, with maximum net earnings of $160 per week. She further alleges that she was forced to draw approximately $3,700 from savings to make ends meet. Defendant recently lost her full time employment by reason of her employer’s bankruptcy. She continues in her employment as a cashier at total annual wages of less than $5,000. Defendant claims to have outstanding debts in excess of $8,000 and claims that she requires approximately $190 per week to meet her expenses. She has made no payment to her counsel on account of his fees and disbursements. Although defendant has submitted a financial affidavit in connection with the application at bar, plaintiff has not done so.
Defendant contends that her waiver of support was invalid by virtue of the provisions of section 5-311 of the General Obligations Law. However, it is the opinion of the court that this statute is unconstitutional, since it advances a gender-based discrimination unable to withstand equal protection scrutiny. (Orr v Orr, 440 US 268; Orr v Orr and the Counterrevolution by Henry H. Foster, Jr., and Doris Jonas Freed, NYLJ, March 13, 1979, p 1, col 1.) Since the decision in Orr, certain provisions of the Domestic Relations Law have been read as "gender-neutral”. (Childs v Childs, 69 AD2d 406, 419; Laka v Laka, NYLJ, March 20, 1979, p 12, col 3.) However, *145 section 5-311 of the General Obligations Law is not susceptible to such an interpretation, since it prohibits a husband from contracting to relieve himself from supporting a wife, but prohibits a wife from contracting to absolve herself of supporting a husband only where the wife has sufficient means and the husband is incapable of supporting himself and is likely to become a public charge. (Kayser v Kayser, NYLJ, May 1, 1979, p 13, col 6.)
The court’s determination regarding unconstitutionality should not be applied retroactively, and the issue of defendant’s entitlement to alimony from the date of the separation agreement to the date of the Orr decision (supra) will be referred to trial, along with the issue of counsel fees. (Kayser v Kayser, supra.) Plaintiff is entitled to a judgment of divorce.